Filed 6/2/22  In re T.S. CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
### SECOND APPELLATE DISTRICT
### DIVISION THREE

| | |
|---|---|
| In re T.S. et al., Persons Coming Under the Juvenile Court Law. | B315552 |
| _____ | |
| DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super. Ct. No. DK00847A&B |
| Plaintiff and Respondent, | ORDER MODIFYING |
| v. | OPINION AND DENYING |
| T.S., | PETITION FOR REHEARING [NO |
| Defendant and Appellant. | CHANGE IN JUDGMENT] |

It is ordered that the opinion in this matter, filed May 18, 2022, is modified as follows:

1.  Page 10, Disposition is modified to read as follows:

The October 1, 2021 orders terminating parental rights are conditionally affirmed.  The matter is remanded with the direction to the juvenile court to comply with the inquiry and notice provisions of ICWA and California law as to mother and

father.  Specifically, the juvenile court should direct DCFS to, within 30 days of the remittitur, (1) make an ICWA inquiry of the maternal great-grandmother, paternal grandmother, and paternal grandfather, as well as anyone else these individuals identify as knowledgeable about whether the children are Indian children, and (2) report its investigation to the juvenile court.  If the juvenile court determines after reviewing DCFS's report that the agency has satisfied its duty of inquiry and there is no reason to know the children are Indian children, the order terminating parental rights shall remain the order of the court.

In the alternative, if the juvenile court determines after further inquiry that there is reason to know the children are Indian children, the court shall order DCFS to provide notice in accordance with ICWA.  If, after providing proper notice, no tribe determines the children are Indian children, then the order terminating parental rights shall remain in effect.  If a tribe determines the children are Indian children, then the juvenile court shall vacate the order terminating parental rights and conduct further proceedings, in compliance with ICWA and related California law.

The petition for rehearing is denied.  There is no change in judgment.

_____

EDMON, P. J.　　　　　LAVIN, J.　　　　　EGERTON, J.

Filed 5/18/22  In re T.S. CA2/3 (unmodified opinion)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
### SECOND APPELLATE DISTRICT
### DIVISION THREE

| | |
|---|---|
| In re T.S. et al., Persons Coming Under the Juvenile Court Law. | B315552 |
| DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super. Ct. No. DK00847A&B) |
| Plaintiff and Respondent, | |
| v. | |
| T.S., | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Annabelle G. Cortez, Judge.  Conditionally affirmed and remanded with directions.

Vincent Uberti, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, Acting County Counsel, Kim Nemoy, Assistant County Counsel, and Peter A. Ferrera, Deputy County Counsel for Plaintiff and Respondent.

T.S. (mother) appeals from juvenile court orders terminating parental rights to her children under Welfare and Institutions Code[1] section 366.26. On appeal, mother's sole contention is that the juvenile court erred by finding that the Los Angeles County Department of Children and Family Services (DCFS) adequately investigated the children's possible Indian ancestry, as required by the Indian Child Welfare Act (ICWA) (25 U.S.C. § 1901 et seq.) and related state statutes. DCFS concedes its inquiry was inadequate as to father but maintains it was adequate as to mother. We conditionally affirm the orders and remand for compliance with ICWA as to mother and father.

## BACKGROUND

The family consists of mother, father (N.S.), and their two children, T.S. (born January 2010) and N.S. (born June 2011). The family came to DCFS's attention in 2013 when it received reports of domestic abuse and parents' drug use, which included methamphetamine and crystal methamphetamine. In August 2013, the children were removed from parents and placed with maternal grandmother, and the following month, DCFS filed a petition under section 300 alleging various counts based on parents' history of domestic violence and illicit drug abuse.

Mother and father told a social worker that the children may have Navajo or Blackfeet ancestry. In keeping with that, mother reported on her ICWA-020 form that she might have Blackfeet ancestry and that maternal great-grandmother, whose name mother provided, might have information. Father reported

---

[1] All further statutory references are to the Welfare and Institutions Code.

2

on his form that he may have Navajo ancestry.[2]  At the September 2013 detention hearing, the juvenile court ordered DCFS to investigate father's claim of Navajo heritage (the minute order did not mention mother's claim).

The social worker thereafter spoke to maternal grandmother about possible Blackfeet heritage, but she had no information about Indian heritage in her family, saying that were there such heritage, it would be " 'way down the line 4–5 generations.' "  Maternal grandmother further reported that she was not and has never been registered with a tribe, lived on a reservation or received tribal services.

At the October 2013 adjudication hearing, the juvenile court sustained counts relating to parents' failure to protect the children from domestic violence and drug abuse.  The juvenile court declared the children dependents of the court, removed them from parents, and ordered family reunification services.  Further, the juvenile court ordered DCFS to reinterview parents regarding Indian heritage, to notice the Blackfeet tribe as to mother and the Navajo tribe as to father, and to give notice to the Bureau of Indian Affairs.

DCFS then sent two sets of notices to the Bureau of Indian Affairs, the Secretary of the Interior, Navajo Nation (contact 1), Ramah Navajo School Board, Navajo Region (contact 2), Chippewa Cree Tribe of Rocky Boys Reservation of Montana, and the Blackfeet Tribe.  One set of notices was for a December 10, 2013 hearing, but when verification of the notices was not received by that date, the trial court ordered DCFS to send a second set of notices and continued the hearing to January 6, 2014.  Both sets of notices identified mother and father by name

---

[2] The form also refers to another tribe, but the writing is illegible.

and date of birth; maternal grandmother by name and date of birth; maternal grandfather and paternal grandmother by name only; and maternal great-grandmother by name and date of birth. Certified mail receipts were returned for both sets of notices. No responses to the notices were received.

On January 6, 2014, the juvenile court found that ICWA did not apply and that there was no reason to know the children were Indian children.

Ultimately, family reunification services were terminated, and, in October 2014, maternal grandmother and maternal step-grandfather became the children's guardians. Jurisdiction was terminated.

Thereafter, mother and father filed section 388 requests in 2017 and 2018, which were denied.

Then, six years after jurisdiction had been terminated, the juvenile court reinstated jurisdiction in December 2020 based on the guardians'/maternal grandmother and maternal step-grandfather's request to reopen the matter so that they could adopt the children, who were thriving in their care, wanted to be adopted, and did not want to live with parents. On October 1, 2021, the juvenile court terminated parental rights and identified adoption as the permanent plan. The juvenile court also considered and denied section 388 petitions mother and father had filed. At the hearing, the juvenile court noted that it had previously made a "no ICWA finding" and that "finding remains."

Mother appealed.

## DISCUSSION

I.    ICWA background

ICWA was enacted " 'to protect the best interests of Indian children and to promote the stability and security of Indian tribes and families by the establishment of minimum Federal standards for the removal of Indian children from their families and the placement of such children in foster or adoptive homes which will reflect the unique values of Indian culture.' " (*In re Isaiah W.* (2016) 1 Cal.5th 1, 8 (*Isaiah W.*); see 25 U.S.C. § 1902.) An "Indian child" is "any unmarried person who is under age eighteen and is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe." (25 U.S.C. § 1903(4); see also § 224.1, subd. (a) [adopting federal definition of "Indian child"].)

"[T]he burden of coming forward with information to determine whether an Indian child may be involved . . . in a dependency proceeding does not rest entirely—or even primarily—on the child and his or her family." (*In re Michael V.* (2016) 3 Cal.App.5th 225, 233.) Rather, "[j]uvenile courts and child protective agencies have 'an affirmative and continuing duty to inquire' whether a dependent child is or may be an Indian child." (*Ibid.*; see also *Isaiah W., supra*, 1 Cal.5th at pp. 9–11; § 224.2, subd. (a).)

This affirmative duty to inquire has several elements. The statute provides that if a child is removed from his or her parents and placed in the custody of a county welfare department, DCFS has a duty to inquire whether a child is an Indian child. Such inquiry "includes, but is not limited to, asking the child, parents, legal guardian, Indian custodian, extended family members,

5

others who have an interest in the child, and the party reporting child abuse or neglect, whether the child is, or may be, an Indian child." (§ 224.2, subd. (b).) The court also must make an ICWA inquiry when the parents first appear in court: The court "shall ask each participant present in the hearing whether the participant knows or has reason to know that the child is an Indian child" (§ 224.2, subd. (c)), and must require each party to complete California Judicial Council Form ICWA-020, Parental Notification of Indian Status (Cal. Rules of Court, rule 5.481(a)(2)(C)).

If the court or social worker has "*reason to believe* that an Indian child is involved in a proceeding," the court or social worker must "make further inquiry regarding the possible Indian status of the child" by, among other things, interviewing the parents and extended family members, and contacting any tribe that may reasonably be expected to have information about the child's membership, citizenship status, or eligibility. (§ 224.2, subd. (e)(2), italics added.) There is "reason to believe" a child involved in a proceeding is an Indian child whenever the court or social worker "has information suggesting that either the parent of the child or the child is a member or may be eligible for membership in an Indian tribe." (§ 224.2, subd. (e)(1).)

If the agency's inquiry creates a "reason to know" that an Indian child is involved, notice of the proceedings must be provided to the parent, legal guardian, or Indian custodian and the child's tribe. (§ 224.2, subd. (f).) There is "reason to know" a child is an Indian child if any one of six statutory criteria is met—e.g., if the court is advised that the child "is an Indian child," the child's or parent's residence is on a reservation, the child is or has been a ward of a tribal court, or either parent or

6

the child possess an identification card indicating membership or citizenship in an Indian tribe. (§ 224.2, subd. (d).) A determination by an Indian tribe that a child is or is not a member of, or eligible for membership in, that tribe "shall be conclusive." (§ 224.2, subd. (h).)

If the juvenile court finds that "proper and adequate further inquiry and due diligence as required in this section have been conducted and there is no reason to know whether the child is an Indian child," the court may make a finding that ICWA does not apply to the proceedings, "subject to reversal based on sufficiency of the evidence." (§ 224.2, subd. (i)(2); see generally *In re Josiah T.* (2021) 71 Cal.App.5th 388, 401 [ICWA finding is reviewed for substantial evidence].)

## II.    The ICWA findings as to father and mother

Mother contends that the ICWA findings as to herself and father were not supported by substantial evidence. We agree.

Beginning with father, he reported possible Navajo heritage, but DCFS did not ask, for example, paternal grandmother about any possible Indian heritage, even though DCFS spoke with her multiple times. DCFS therefore concedes that the order terminating parental rights must be conditionally affirmed and the matter remanded so that DCFS can comply with ICWA as to father.

We come to a similar conclusion as to mother. Mother reported possible Indian ancestry and identified the specific person who might have knowledge about that ancestry: maternal great-grandmother. Although DCFS spoke to maternal grandmother, who said any such heritage was generations-old and had no further information, DCFS did not speak to maternal great-grandmother. Under such circumstances, where a person

7

with knowledge of possible Indian ancestry has been identified and the record does not show that DCFS spoke with that person, attempted to speak to that person, or that the person was unavailable, we cannot find there is substantial evidence the children are not Indian children and that the duty of inquiry was met. (See, e.g., *In re K.T.* (2022) 76 Cal.App.5th 732 [duty of further inquiry not satisfied where parents suggested they had Indian ancestry but agency never followed up with extended family and sent inadequate ICWA notices]; *In re T.G.* (2020) 58 Cal.App.5th 275 [duty of initial or further inquiry not met where mother and maternal grandmother said they might have Cherokee ancestry but DCFS never further inquired or sent ICWA notice]; compare *In re D.S.* (2020) 46 Cal.App.5th 1041, 1046, 1052 [child welfare agency satisfied its duty of further inquiry]; *In re J.S.* (2021) 62 Cal.App.5th 678, 690 [inquiry into father's possible Indian ancestry adequate where his grandmother had no information about tribal association and did not identify other relatives].)

As to the claim that DCFS never spoke to maternal grandfather, the record suggests otherwise. A social worker's declaration, which was attached to the ICWA notices, states that based on "my investigation [ ], MGF does not claim Indian heritage." While mother correctly points out that the social worker's reports do not detail any conversation with maternal grandfather about possible Indian heritage, the record nonetheless shows that a social worker spoke to him about, for example, parents' drug use and that one child had told maternal grandfather that father hit mother. Given this, mother provides no reason to discount the social worker's declaration that maternal grandfather denied Indian heritage, even if the social

8

worker did not elucidate on the specifics of that conversation in her report.  Even so, on remand, we encourage DCFS to include in any report the results of any inquiry of maternal grandfather about possible Indian heritage.

Given our conclusion, we need not reach mother's additional contention regarding the ICWA notices.

## DISPOSITION

The October 1, 2021 orders terminating parental rights are conditionally affirmed. The matter is remanded with the direction to the juvenile court to comply with the inquiry and notice provisions of ICWA and California law as to mother and father. Specifically, the juvenile court should direct DCFS to, within 30 days of the remittitur, (1) make an ICWA inquiry of the maternal great-grandmother, paternal grandmother, and paternal grandfather, as well as anyone else these individuals identify as knowledgeable about whether the children are Indian children, and (2) report its investigation to the juvenile court. If the juvenile court determines after reviewing DCFS's report that the agency has satisfied its duty of inquiry and there is no reason to know the children are Indian children, the order terminating parental rights shall remain the order of the court. In the alternative, if the juvenile court determines after further inquiry that there is reason to know the children are Indian children, the court shall vacate the order terminating parental rights and conduct further proceedings, in compliance with ICWA and related California law.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

 

                                       EDMON, P.J.

We concur:

 

 

LAVIN, J.                                    EGERTON, J.